

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,729-01

### EX PARTE DONALD MILLER BALL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2012-0434-A IN THE 217TH DISTRICT COURT FROM ANGELINA COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to aggravated sexual assault of a child and was sentenced to twenty-five years' imprisonment. The Twelfth Court of Appeals dismissed the appeal. *Ball v. State*, No. 12-13-00190-CR (Tex. App.—Tyler Aug. 20, 2014)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant raises eight grounds in his application. The district clerk properly forwarded this application to this Court under Texas Rule of Appellate Procedure 73.4(b)(5). However, the application was forwarded before the trial court made findings of fact and conclusions of law. We remand this application to the trial court to complete its evidentiary investigation and make findings

of fact and conclusions of law.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall also make findings regarding whether false testimony was presented during the punishment hearing, and if so, whether such testimony was material. *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014). The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 15, 2020
Do not publish